IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NUMBER:_____ |
| v. | : | DATE FILED:_____ |
| EONE DE SOUZA | : | VIOLATIONS:<br>18 U.S.C. § 1960(a), (b)(1)(A) (unlicensed money remitting business)- 1 count<br>18 U.S.C. § 1960(a), (b)(1)(B) (unlicensed money remitting business)- 1 count<br>18 U.S.C. § 1960(a), (b)(1)(C) (unlicensed money remitting business)- 1 count |

### INDICTMENT

### COUNTS ONE AND TWO

### (Operation of an Unlicensed Money Remitting Business)

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment, in the Eastern District of Pennsylvania and elsewhere:

1. Title 18, United States Code, Section 1960 made it a crime to operate an unlicensed money transmitting business. The statute was enacted in 1992 in order to combat the growing use of money transmitting businesses to transfer large amounts of the money proceeds of unlawful enterprises.

2. The term "money transmitting" as defined in Section 1960(b)(2) includes "transferring funds on behalf of the public by any and all means including . . . by wire, check, draft, facsimile, or courier."

1

3. Under Title 18, United States Code, Section 1960, it is a felony to conduct a money transmitting business if, among other things, the business is a) operated in Pennsylvania without an appropriate money transmitting license from Pennsylvania; b) not registered as a money transmitting business with the Secretary of the Treasury as required under Title 31, United States Code, Section 5330 or regulations prescribed thereunder; or c) if the business otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or intended to be used to promote unlawful activity.

4. Between in or about October 2016 and in or about February 2022, defendant EONE DE SOUZA operated a money transmitting business in which he regularly obtained checks from construction companies and other entities which he transported to the Eastern District of Pennsylvania, to cash at a check casher, in exchange for a fee. The checks were payable to various construction companies. After cashing the checks at the check casher, defendant DE SOUZA returned the cash to the persons who had provided the checks, and charged a fee for his service.

5. At no time from in or about October 2016 through in or about July 2019, did defendant EONE DE SOUZA register his money transmitting business with the United States government as required by Title 31, United States Code, Section 5330, or with the Commonwealth of Pennsylvania as required by state law.

6. From in or about October 2016, to in or about July 2019, defendant EONE DE SOUZA received approximately $112,305,501.00 in checks from various construction company customers, which he exchanged into cash, which cash he transmitted to his customers. Defendant DE SOUZA performed these transactions without a license to operate as a money transmitting business.

7.	On or about July 29, 2019, defendant EONE DE SOUZA established a business, Reliable Couriers, Inc. in the Commonwealth of Pennsylvania, with a principal place of business at his residence, within the Eastern District of Pennsylvania. On or about August 13, 2019, defendant DE SOUZA applied for a license for Reliable Couriers, Inc., with the Pennsylvania Department of Banking to conduct check cashing activities, which license was issued on September 5, 2019.

8.	On or about July 15, 2019, defendant DE SOUZA registered Reliable Couriers, Inc. with FinCEN as a money service business.

9.	From at least in or about October 2016, through on or about August 12, 2019, in the Eastern District of Pennsylvania, and elsewhere, defendant

**EONE DE SOUZA**

knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, which was not licensed with the State of Pennsylvania, which business affected interstate and foreign commerce.

In violation of Title 18, United State Code, Section 1960(a), (b)(1)(A).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. The allegations contained in paragraphs 1 through 8 of Count One are realleged and incorporated as if fully set forth in this paragraph.

2. From at least in or about October 2016, through on or about July 14, 2019, in the Eastern District of Pennsylvania, and elsewhere, defendant

**EONE DE SOUZA,**

knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business which failed to comply with money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulations proscribed under such section, which business affected interstate and foreign commerce.

In violation of Title 18, United State Code, Section 1960(a), (b)(1)(B).

## COUNT THREE

## (Operation of an Unlicensed Money Remitting Business)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.	The allegations contained in paragraphs 1 through 8 of Count One are realleged and incorporated as if fully set forth in this paragraph.

2.	From in or about October 2016, to in or about February 2022, defendant EONE DE SOUZA received approximately $162,524,285 in checks from the various construction companies which he or Person 1, at his direction, exchanged into cash, and after retaining a fee for his services, returned the cash proceeds of these transactions to his construction company customers.

3.	Defendant EONE DE SOUZA knew that his customers, operating as various construction companies, utilized his services to evade reporting business income and paying taxes on business income. Defendant DE SOUZA knew that the construction companies used defendant DE SOUZA to convert funds to cash, to avoid depositing the checks into their bank accounts where the funds would be traceable and demonstrate income earned by the company, which would be subject to income tax.

4.	Beginning no later than approximately March 2020, defendant EONE DE SOUZA continued to conduct, control and manage his money transmitting services business, however, he utilized a courier, Person 1, known to the Grand Jury, to physically exchange the checks for cash, at his direction and supervision.

5.	Person 1 was never registered as an agent or employee of defendant DE SOUZA, nor did Person 1 have any reported wages from March 2020 to the date of the indictment.

6.	At defendant EONE DE SOUZA's direction, Person 1 exchanged checks for cash

numerous times per week, at the check casher, and carried the cash from the Eastern District of Pennsylvania to the District of New Jersey, and provided the cash to individuals in New Jersey.

7. After registering as a money services business in July 2019, defendant EONE DE SOUZA, operating as Reliable Couriers, Inc., continued to regularly obtain checks, payable to various construction companies, which he transported to the Eastern District of Pennsylvania, to cash them at a check casher. Defendant DE SOUZA engaged in this business almost daily from the date of licensure until the present.

8. Defendant EONE DE SOUZA, did not operate in compliance with his Pennsylvania check cashing license. Under the license, defendant DE SOUZA, was required to establish a business location at which he would conduct his money transmitting services, which he failed to do. Defendant DE SOUZA did not have authority to operate as a mobile transmitting service but in fact his business was a mobile transmitting business. In obtaining his license, defendant DE SOUZA had provided the Commonwealth of Pennsylvania, a copy of his proposed Anti-Money Laundering Compliance Manual for his company, Reliable Courier, Inc. in which he proposed how he would follow all requirements of a check casher in connection with his business, including using a point-of-sale system, obtaining identification of each customer, and obtaining appropriate corporate documents for commercial business. These minimum steps are required by Pennsylvania law and designed to guard against money laundering and other illegal activity. Defendant DE SOUZA did not follow these proposed procedures. Further, when he registered with FinCEN as a money transmitting business, defendant DE SOUZA agreed to follow Bank Secrecy Act regulations, including conducting appropriate due-diligence in obtaining identification documents of customers, obtaining appropriate corporate resolution forms which grant authority for customers to cash checks on behalf of businesses, and the

requirement of filing Currency Transaction Reports for every cash transaction over $10,000, and the filing of Suspicious Activity Reports, which defendant DE SOUZA failed to do.

9. After obtain a Pennsylvania license and registering with FinCEN, defendant EONE DE SOUZA continued to operate as he had pre-licensure, by presenting his checks in exchange for cash, at one particular check casher, who cashed checks presented by defendant DE SOUZA, accepted fraudulent identification documents and accepted forged corporate resolution documents, which purportedly granted authority for defendant DE SOUZA to exchange checks for cash, when in fact these documents failed to contain proper identification information required by law. Defendant DE SOUZA also continued to cash checks for construction company clients whom defendanat DE SOUZA knew were using his check cashing services so that they could avoid reporting income on their taxes and as a result avoid paying income tax on their full income.

10. From at least in or about October 2016 through in or about February 2022, in the Eastern District of Pennsylvania, and elsewhere, defendant

**EONE DE SOUZA,**

knowingly conducted, controlled, managed, supervised, directed, and owned all and part of a money transmitting business, which business affected interstate and foreign commerce and involved the transportation and transmission of funds known to defendant DE SOUZA to be used to promote and support unlawful activity.

In violation of Title 18, United State Code, Sections 1960(a), (b)(1)(C).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1. As a result of the violations of Title 18, United States Code, Section 1960, as set forth in this indictment, defendant

**EONE DE SOUZA**

shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to the sum of approximately $162,524,285.

      2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 982(a)(1).

**A TRUE BILL:**

_____
JURY FOREPERSON

*Ronald Barack for*
_____
**JENNIFER ARBITTIER WILLIAMS**
**UNITED STATES ATTORNEY**

No. _____

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

EONE DE SOUZA

## INDICTMENT

Counts

18 U.S.C. § 1960(a), (b)(1)(A) (unlicensed money remitting business)- 1 count
18 U.S.C. § 1960(a), (b)(1)(B) (unlicensed money remitting business)- 1 count
18 U.S.C. § 1960(a), (b)(1)(C) (unlicensed money remitting business)- 1 count

A true bill.



_____
Foreperson

Filed in open court this _____ day,
Of _____ A.D. 20____

_____
Clerk

Bail, $_____